# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ALLEN KEENUM, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LOTT ENTERPRISES, INC. d/b/a PURE AIR FILTER, a Foreign Corporation,<br><br>    Defendant. | No. 2:14-cv-02504-JPM-tmp<br><br>JURY TRIAL DEMANDED |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS**

Before the Court is Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members, filed October 3, 2014. (ECF No. 16.) Plaintiff seeks to certify a class as follows: "all 'technicians' employed by Defendant . . . within the last three (3) years." (ECF No. 16 at 1.) Alternatively, Plaintiff seeks to conditionally certify a class of "air filter technicians who were paid by the day or by commissions" who were employed by Defendant in the last three (3) years. (ECF No. 23 at 2.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

**I. BACKGROUND**

On June 27, 2014, Allen Keenum filed a complaint on his own behalf and those similarly situated against Defendant Lott Enterprises, Inc. d/b/a Pure Air Filter, a Foreign Corporation ("PureAir"). (ECF No. 1.) Defendant PureAir is an air filter sales and service provider that provides services to customers throughout the United States. (Id. ¶ 5; Answer ¶ 5, ECF No. 10.) Plaintiff worked for PureAir from at least June of 2006 to February 27, 2014. (Compl. ¶ 3, ECF No. 1; Answer ¶ 3, ECF No. 10.) Plaintiff's job duties included servicing air filter systems, replacing filters, and cleaning coils. (Compl. ¶ 27; Answer ¶ 27.)

Plaintiff alleges that PureAir paid him a daily rate plus commissions without regard to the amount of hours worked during the course of a day. (Compl. ¶ 28.) Plaintiff alleges that he worked overtime hours, but was not compensated for his overtime work in violation of the Fair Labor Standards Act ("FLSA"). (Id. at ¶¶ 31-34.) Plaintiff further alleges that other employees of PureAir that performed the same or similar job duties were also not paid overtime wages in violation of the FLSA. (Id. at ¶¶ 18-21.) PureAir denies that it violated the FLSA as to Plaintiff or any other employee. (See Answer, ECF No. 10.)

On October 3, 2014, Plaintiff filed the instant Motion seeking conditional class certification under the FLSA. (ECF No. 16.) In support of the Motion, Plaintiff included declarations from himself (ECF No. 16-4), Keith Everette (ECF No. 16-8), Thomas Brewster (ECF No. 16-10), and Kenneth Munoz (ECF No. 16-11). Each of the submitted declarations indicate that the declarants were employees of PureAir, with substantially similar job functions to Plaintiff, and that overtime was not paid despite declarants having typically worked more than 40 hours per week. (See Keenum Decl. ¶¶ 6, 7, 11–16; Everette Decl. ¶¶ 6, 7, 10–14; Brewster Decl. ¶¶ 6, 7, 10–14, Munoz Decl. ¶¶ 6, 7, 10–14.) Plaintiff also submitted some documentary evidence in support of his Motion, including pay stubs and an email. (See ECF Nos. 16-5, 16-6, 16-7, 16-9.)

On November 3, 2014, Defendant filed its Response, opposing conditional certification of a collective action. (ECF No. 19.) In support of its Response, Defendant PureAir submitted a declaration from its Human Resources Manager, James Hicks. (ECF No. 19-1.) Hicks states that PureAir employees at least two different categories of technicians: Filter Technicians and Coil Cleaners. (Hicks Decl. ¶ 5.) Although "Defendant admits that Plaintiff's job duties included servicing air filter systems, replacing filters, and cleaning coils," (Answer ¶ 27 (emphasis added)), Hicks states that "Mr. Keenum was not qualified as a

Coil Cleaner and did not provide the services of a Coil Cleaner." (Hicks Decl. ¶ 8.) Hicks also states that neither Brewster, Everett, nor Munoz is "or ha[s] ever been qualified to provide the services of a Coil Cleaner." (Id.) Hicks goes on to describe how air filter technicians are compensated for their work: either "(1) by day-rate; (2) pure hourly; or (3) pure commission." (Id. ¶ 9.) Hicks notes that "[s]ome day-rate employees may also receive commissions from time-to-time on weekends in addition to, or in lieu of the standard day rate." (Id.)

On November 9, 2014, Plaintiff filed his Reply. (ECF No. 23.) On November 10, 2014, the Court held a hearing on the instant Motion. (Minute Entry, ECF No. 25.)

**II. STANDARD FOR CONDITIONAL CLASS CERTIFICATION AND COURT-FACILITATED NOTICE**

Section 216(b) of the FLSA provides that employees may recover unpaid overtime compensation by collectively suing an employer under certain circumstances. 29 U.S.C. § 216(b). Specifically, § 216(b) states:

> Any employer who violates [the maximum hours provisions] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . . An action to recover [for such liability] may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

Id. "To proceed collectively, named plaintiffs must therefore

4

demonstrate that they are 'similarly situated' to the opt-in plaintiffs—the employees they seek to notify and represent." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 757 (W.D. Tenn. 2011).

Courts generally employ a two-phase inquiry to determine whether plaintiffs are similarly situated. O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 583 (6th Cir. 2009). "The first stage occurs early in the discovery process, when the Court determines whether to 'conditionally' certify the proposed class. Lindberg, 761 F. Supp. 2d at 757 (citing Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546-47 (6th Cir. 2006)). The purpose of conditional certification is to provide notice to potential plaintiffs and present them with an opportunity to opt in. Id. at 757-58. The second stage only occurs after "all of the opt-in forms have been received and discovery has concluded." Comer, 454 F.3d at 546. At that point, a second determination, using a more rigorous standard, is made as to whether the named plaintiffs and opt-in plaintiffs are similarly situated. Id. at 547.

This case is at the first stage. "At the initial stage, . . . courts typically apply a fairly lenient standard for determining whether the plaintiffs are similarly situated, based solely on the pleadings and any affidavits that have been filed." Pacheco v. Boar's Head Provisions Co., 671 F. Supp. 2d

957, 959 (W.D. Mich. 2009) (citing <u>Anderson v. Cagle's Inc.</u>, 488 F.3d 945, 953 (11th Cir. 2007)). "Because the determination at this stage is made using a fairly lenient standard, the Sixth Circuit has recognized that it 'typically results in conditional certification of a representative class.'" <u>Lindberg</u>, 761 F. Supp. 2d at 758 (quoting <u>Comer</u>, 454 F.3d at 547 (citations omitted)). To obtain conditional class certification, plaintiffs must simply show that "there is a reasonable basis for their claim of class-wide discrimination." <u>Pacheco</u>, 671 F. Supp. 2d at 959 (citing <u>Grayson v. K Mart Corp.</u>, 79 F.3d 1086, 1097 (11th Cir. 1996)). Only a "modest factual showing" is required for conditional certification to be granted. <u>See Comer</u>, 454 F.3d at 547. "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist." <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 555 (2d Cir. 2010). "A plaintiff need not submit a large number of declarations or affidavits to make the requisite factual showing. A handful of declarations may suffice." <u>Harris v. Vector Mktg. Corp.</u>, 716 F. Supp. 2d 835, 838 (N.D. Cal. 2010). Additionally, "[t]he fact that a defendant submits competing declarations will not as a general rule preclude conditional certification." <u>Id.</u> (citing <u>Hipp v. Liberty</u>

6

National Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001) (explaining that plaintiffs may meet lenient standard "by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary").

"If the court determines that conditional certification is appropriate, putative class members are given notice and the opportunity to opt-in." Lindberg, 761 F. Supp. 2d at 758 (internal quotation marks omitted).

**III. ANALYSIS**

**A. Similarly Situated Analysis**

Plaintiff argues that the proposed class describes similarly situated employees because: "(a) they all had the same title of 'technician'; (b) they were/are all paid a weekly salary; (c) Defendant[] wrongly failed to pay overtime compensation for all overtime hours worked; and (d) they performed nearly identical duties on a day-to-day basis for Defendants." (ECF No. 16 at 4.)

Defendant argues that the collective action should not be conditionally certified for five reasons: first, the putative class includes employees performing significantly different job duties and employees compensated under different pay schemes from Plaintiff; second, approximately half of the putative class is exempt from the FLSA under 29 U.S.C. § 207(i); third, a

7

"significant number" of the members of the putative class are paid under an hourly scheme and currently receive overtime pay; fourth, "[s]ome members of the putative class . . . may be exempt from the overtime provisions of the FLSA pursuant to provisions of the Motor Carrier Act"; and fifth, each action is likely to involve significant individualized defenses, "rendering this case inappropriate for collective treatment." (ECF No. 19 at 1–2.)

The Court finds that Plaintiff has made a sufficient showing for a conditional certification of a collective action. According to the Sixth Circuit, a sufficient condition – albeit not a necessary condition – for plaintiffs to be similarly situated under the FLSA, is for the plaintiffs' claims to be "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." O'Brien, 575 F.3d at 585; see also Searson v. Concord Mortgage Corp., No. 07-CV-3909, 2009 WL 3063316, at *5-*6 (E.D.N.Y. Sept. 24, 2009) ("When conducting an initial determination for class certification, the court does not look to [Defendant's] individual defenses because that inquiry is properly addressed in the second stage of certification."). Plaintiff has included four declarations asserting that Defendant has failed to pay overtime to employees

with similar job functions and pay schemes as Plaintiff.[1] (See ECF Nos. 16-4, 16-8, 16-10, 16-11.) Plaintiff has thereby made a sufficient, modest factual showing of FLSA claims "unified by common theories of defendant['s] statutory violations . . . ." See O'Brien, 575 F.3d at 585.

Although Defendant argues that it has individualized legal and factual defenses against each member of the putative class, such inquiries are "properly addressed in the second stage of certification." See Searson, 2009 WL 3063316, at *5-*6. The Court acknowledges that Defendant has cited a number of cases indicating that it is within the discretion of a district court to deny conditional certification upon a showing that a substantial amount of individualized proof will be required in each putative class member's case. (See ECF No. 19 at 12-13.) Defendant has not, however, cited to a single case in the Sixth Circuit to that effect. Therefore, the Court must follow the Sixth Circuit's guidance in O'Brien, in which it announced that conditional certification is appropriate even when putative class members' proof will be "inevitably individualized and distinct." 575 F.3d at 585. Defendant's second, fourth, and fifth arguments are therefore unpersuasive.

---

[1] Defendant's assertion that there are credibility issues related to these declarations that it describes as "perjurous" (ECF No. 19 at 12) is not relevant to the determination at this stage. "At this stage the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Brasfield v. Source Broadband Servs., LLC, 257 F.R.D. 641, 642 (W.D. Tenn. 2009).

Defendant's first and third arguments, however, that the proposed class is overly broad, and contains both employees with different job functions and employees with different pay schemes, are well-taken.  Plaintiff has made a sufficient initial factual showing that there are other air filter technicians paid either at a day rate or a day rate plus commission who are employed by PureAir and were denied overtime. (See ECF Nos. 16-4, 16-8, 16-10, 16-11.)  Plaintiff has not made any factual showing, however, that other types of technicians, or technicians paid on different pay schemes, were paid in violation of the FLSA.

Accordingly, conditional certification is hereby GRANTED as to the following class: air filter technicians who worked for PureAir at a day rate or a day rate plus commission within the last three (3) years who were not paid overtime compensation for all hours worked in excess of forty (40) hours within a workweek.  Plaintiff's request for conditional certification of a broader class is thereby DENIED.

### B. Notice Analysis

"Pursuant to Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989), the Court exercises its discretion to approve that potential members of the above-described class be notified and given an opportunity to opt-in to the action." Lindberg, 761 F. Supp. 2d at 765.  To facilitate this notice, the Court orders

Defendants to produce to Plaintiffs a computer-readable data file containing the contact information for all potential opt-in plaintiffs. This contact information shall include the name, last known address, last known telephone number, email address, and dates of employment for each individual who was or is employed by PureAir as an air filter technician compensated at a day rate or day rate plus compensation during the three years prior to June 27, 2014. Defendants have thirty (30) days in which to produce this information.

Plaintiff filed a proposed notice with the instant Motion. (ECF No. 16-1.) Defendant objects to the proposed notice on various grounds. (See ECF No. 19 at 14–16.)

In light of this decision, modifications to the proposed notice are warranted. Accordingly, the Court directs the parties to confer and develop a mutually acceptable notice letter. Should the parties be unable to reach agreement, they shall submit their respective proposals to the Court along with supporting memoranda not to exceed five (5) pages in length. The parties' stipulated notice form or respective proposals shall be filed within ten (10) days of entry of this Order.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Conditionally Certify Collective Action is GRANTED IN PART AND DENIED IN PART.

**V. ORDERS**

IT IS HEREBY ORDERED that Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (ECF No. 16) is GRANTED with respect to the following class:

> Air filter technicians who worked for PureAir at a day rate or a day rate plus commission within the last three (3) years who were not paid overtime compensation for all hours worked in excess of forty (40) hours within a workweek.

IT IS FURTHER ORDERED that that this case may proceed as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

IT IS FURTHER ORDERED that within thirty (30) days of the date of entry of this Order, PureAir shall provide to Plaintiff the contact information for all potential members of the conditionally certified class, as directed above.

IT IS FURTHER ORDERED that within ten (10) days of the date of entry of this Order, the parties shall file a stipulated notice form or respective proposals, as directed above.

IT IS FURTHER ORDERED that, once the notice is approved in form, and within sixty (60) days of such approval, it shall be sent by first-class mail to all potential plaintiffs.

IT IS FURTHER ORDERED that class members shall be limited to those who communicate a consent form to opt in within sixty (60) days from the mailing of the initial notice form.

**IT IS SO ORDERED,** this 25th day of November, 2014.

<pre>
                              /s/ Jon P. McCalla
                              JON P. McCALLA
                              UNITED STATES DISTRICT JUDGE
</pre>